OPINION OF THE COURT
CHAGARES, Circuit Judge.
Steven Schwartz appeals his conviction and sentence in one matter and his conviction alone in another. We will affirm each judgment.
*415 I.
Because we write solely for the benefit of the parties, we will recite only the essential facts.
A.
Between 1997 and 2002, Schwartz operated a Ponzi scheme, recruiting new “investors” and using their “investments” to pay earlier investors and to fund his personal expenses. Schwartz lied to clients about how their investments were doing, and he harassed and bullied them when they dared to question his reports. But Schwartz could not keep the scheme going with client funds alone. So, he turned to check-kiting. Schwartz wrote and deposited worthless checks into bank accounts he controlled, and then withdrew cash from those accounts before the bank could verify that the “money” in them really did not exist.
In case number 05-3767 (District Court case number 03-35), a grand jury returned a 27-count indictment charging Schwartz with various fraud offenses. Schwartz was released on bail pending trial.
Prior to trial, Schwartz requested permission to represent himself, and the District Court scheduled a hearing. But, the day before the hearing was to take place, the Government moved to revoke bail based upon newly discovered criminal conduct. The District Court decided to use the scheduled hearing to address bail and postpone discussion of Schwartz’s request to represent himself at trial. The District Court granted .the Government’s motion and revoked Schwartz’s bail.
A week later, the District Court held another hearing and granted Schwartz’s request to represent himself at trial. It ordered then-trial counsel to remain in a stand-by role. Following a lengthy trial, the jury convicted Schwartz of 16 of the 27 fraud counts. The District Court imposed a sentence that included 225 months of imprisonment, five years of supervised release, and over $1 million in restitution.
B.
The conduct that the District Court relied upon in revoking Schwartz’s bail in case number 05-3767 gave rise to another fraud prosecution, case number 05-2770 (District Court case number 04-231). In case number 05-2770, Schwartz was charged with nine fraud counts. The evidence at that trial proved that Schwartz, as he did in case number 05-3767, deposited worthless checks into bank accounts and quickly withdrew cash from those accounts before the bank could detect any wrongdoing. The jury convicted on all counts. The District Court imposed a sentence that included 18 months of imprisonment and five years of supervised release.
Schwartz then filed direct appeals (later consolidated), alleging that various constitutional infirmities infected each matter.
II.
In each matter, the District Court had jurisdiction pursuant to 18 U.S.C. § 3231. In case number 05-3767, this Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). In case number 05-2770, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.
III.
Schwartz argues that the District Court in case number 05-3767(1) violated his Sixth Amendment right to represent himself at trial, (2) violated his Sixth Amendment right to confront witnesses against him, (3) improperly admitted evidence, and (4) failed to consider the factors enumerated in 18 U.S.C. § 3553(a) when imposing sentence. We disagree and will affirm the *416 judgment of conviction and sentence in case number 05-3767.
A.
Schwartz argues that the District Court violated his Sixth Amendment right to represent himself when it refused to allow him to give direct testimony in narrative form and instead ordered standby counsel to conduct the examination in the standard question-and-answer format. Schwartz objected during trial, and the District Court overruled the objection. This Court exercises plenary review of the District Court’s ruling. Cf. United States v. Peppers, 302 F.3d 120, 127 (3d Cir.2002) (holding that standard of review applicable to claim of waiver of Sixth Amendment right of self-representation is plenary); United States v. Goldberg, 67 F.3d 1092, 1097 (3d Cir.1995) (“Second, Goldberg claims that the district court violated his Sixth Amendment right to the assistance of counsel when, on the first day of testimony, it forced him to proceed pro se. We review de novo Goldberg’s Sixth Amendment claim since it is tantamount to a claim of an ineffective waiver of a constitutional right. Our review is plenary ....”) (internal citations omitted).
The Sixth Amendment gives a criminal defendant the right to represent himself at trial, Faretta v. California, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), but only to the extent that he is “able and willing to abide by rules of procedure and courtroom protocol,” McKaskle v. Wiggins, 465 U.S. 168, 173, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); see Martinez v. Court of Appeal of California, 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) (holding that right to self-representation must, at times, yield to “the government’s interest in ensuring the integrity and efficiency of the trial.... ”). During the Government’s case-in-chief, Schwartz demonstrated a high probability that he would not be able to obey proper courtroom procedure. He repeatedly failed to refer to himself in the third person. See, e.g., Government Supplemental Appendix (Gov’t Supp.App.) 452, 471, 492, 497. He argued with witnesses. See, e.g., Gov’t Supp.App. 967. And on certain occasions, he attempted to testify in lieu of asking any question at all. See, e.g., Gov’t Supp.App. 821, 967-68. We hold that the District Court did not err in ordering standby counsel to conduct Schwartz’s direct examination rather than to allow Schwartz to testify in narrative form. See United States v. Mack, 362 F.3d 597, 601 (9th Cir.2004) (holding that when defendant “acts out” at trial, he “forfeits his right to represent himself in the proceeding”); United States v. Dougherty, 473 F.2d 1113, 1124 (D.C.Cir.1972) (holding that “[t]he right to self-representation, though asserted before trial, can be lost by disruptive behavior during trial, constituting constructive waiver”), cited in Faretta, 422 U.S. at 834 n. 46, 95 S.Ct. 2525.[1]
*417 B.
1.
Schwartz argues that the District Court violated the Confrontation Clause when it allowed the Government to use affidavits — rather than live testimony — to authenticate bank records covered by the hearsay exception for business records. Schwartz objected, and the District Court overruled the objection. This Court will review the District Court’s ruling de novo. United States v. Hendricks, 395 F.3d 173, 176-77 (3d Cir.2005) (holding that district court’s evidentiary ruling that “turned on its application of the Sixth Amendment and its interpretation of the Supreme Court’s decision in Crawford [v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)] ... presents a question of law which we review de novo.”).
The Confrontation Clause mandates that a “testimonial” statement made by a de-clarant absent from trial is inadmissible unless the declarant is unavailable and the defendant had an opportunity to cross-examine him. Crawford, 541 U.S. at 68, 124 S.Ct. 1354. Business records admitted pursuant to a hearsay exception, however, are not “testimonial” and therefore do not implicate the Confrontation Clause. Id. at 56, 124 S.Ct. 1354. Therefore, as the Court of Appeals for the Seventh Circuit has noted, “it would be odd to hold that the foundational evidence authenticating the records do[es].” United States v. Ellis, 460 F.3d 920, 927 (7th Cir.2006). We agree and note that other courts of appeals that have confronted this issue and the similar issue of authentication of public records are in accord. See, e.g., United States v. Adefehinti, 510 F.3d 319, 328 (D.C.Cir.2007) (involving authentication of business records); United States v. Cervantes-Flores, 421 F.3d 825, 833 (9th Cir. 2005) (involving authentication of public records); United States v. Rueda-Rivera, 396 F.3d 678, 680 (5th Cir.2005) (same). The Government in its brief discusses these cases, but Schwartz does not even mention them (much less demonstrate why we should not follow them). Indeed, Schwartz cites no relevant precedent from any court of appeals on this issue.
2.
Schwartz also argues that the Confrontation Clause was violated by the District Court’s rulings limiting testimony related to Schwartz’s harassment of his investment clients. The District Court allowed the Government to introduce audiotapes of harassing phone calls, Schwartz argues, but severely restricted Schwartz’s ability to put the calls in their proper context. Schwartz objected at trial and the District Court overruled his objections. We will review the District Court’s rulings for abuse of discretion. United States v. Williams, 464 F.3d 443, 448 (3d Cir.2006) (holding that standard of review applicable to Confrontation Clause issue involving allegedly improper limitation on witness testimony is abuse of discretion); United States v. Lore, 430 F.3d 190, 208 (3d Cir.2005) (same).
Schwartz cites two examples of the District Court’s allegedly improper rulings: when the District Court sustained an objection to Schwartz’s direct testimony attempting to explain why Schwartz told one victim she was a blackmailer, and when it sustained an objection to his direct testimony attempting to explain why Schwartz told another victim that the victim was “[the victim’s] own worst enemy.” Schwartz argues that each ruling prevented him from placing these conversations in *418 context. This argument fails because Schwartz’s premise is factually incorrect.
True, the District Court sustained those two objections. But, in each instance, the District Court subsequently allowed Schwartz to give other testimony effectively explaining those calls. See Gov’t Supp.App. 1956, 2041-42 (explaining why he accused victim of blackmail); 2022-27 (explaining why he said victim was “[victim’s] own worst enemy”). That is, the District Court did not prevent Schwartz from putting the calls in context.[2]
C.
1.
Schwartz argues that the District Court erred in admitting his conviction for bank fraud committed in 1987 pursuant to Federal Rule of Evidence 404(b).[3] Schwartz objected at trial, so we review for abuse of discretion. United States v. Butch, 256 F.3d 171, 175 (3d Cir.2001).
Rule 404(b) provides that extrinsic evidence of “other crimes, wrongs, or acts” may not be offered to prove the defendant’s criminal propensity. But, such evidence may be admitted if (1) it has a proper purpose, (2) it is relevant, (3) its probative value outweighs its potential for unfair prejudicial effect, and (4) the court instructs the jury to consider it only for its limited, proper purpose. United States v. Vega, 285 F.3d 256, 261 (3d Cir.2002).
Schwartz contends that the prior conviction is pure propensity evidence and therefore does not meet the first prong of the Rule 404(b) analysis. He argues that the age of the conviction diminishes its relevance under the second prong. He further argues that the evidence is more unfairly prejudicial than it is probative and thus does not meet the third prong, either.
The District Court did not abuse its discretion in admitting the conviction pursuant to Rule 404(b). As to the first prong, Schwartz does not appear to contest that the conviction has a proper purpose, namely, demonstrating Schwartz’s knowledge that depositing phony checks into an account and then immediately withdrawing cash from that account is illegal. *419 He merely argues that it also proves criminal propensity. This, however, is not fatal to the first prong of the Rule 404(b) analysis. A prior conviction will always tend to prove criminal propensity. The Rule 404(b) inquiry simply asks whether the conviction has a proper purpose, not whether it has only a proper purpose. See Vega, 285 F.3d at 261.
As to the second prong, there is no expiration date beyond which prior acts are inadmissible under Rule 404(b). We simply cannot say that the District Court abused its discretion in finding the conviction relevant despite its 13-year-old (measured from the date of the conduct underlying that conviction to the date of the conduct underlying the charges in the present case) vintage. See, e.g., United States v. Williams, 308 F.3d 833, 837 (9th Cir.2002) (holding that evidence of prior robbery that occurred 20 years before conduct at issue admitted under Rule 404(b)); United States v. Hernandez-Guevara, 162 F.3d 863, 872-73 (5th Cir.1998) (holding that conviction based upon conduct that occurred 18 years before conduct at issue admitted under Rule 404(b)).
As to the third prong, Schwartz does not appear to specify precisely why he believes the conviction is not as probative as it is unfairly prejudicial. In any event, the District Court was well within its discretion in holding that a prior conviction resting upon facts very similar to those underlying the instant charges (writing checks on accounts with insufficient funds) was highly probative of Schwartz’s intent and did not prejudice him unfairly.
2.
Schwartz also argues that the District Court erred in admitting evidence of uncharged conduct, namely, false statements made to actual investors concerning profits generated by their investments and harassing statements made to those investors if they actually requested written proof. Again, Schwartz objected, so we review the District Court’s ruling for abuse of discretion. United States v. Brink, 39 F.3d 419, 425 (3d Cir.1994).
The District Court held that these statements do not implicate Rule 404(b) because they tended to prove the “manner and means” allegations set forth in the indictment. But even if the statements did implicate Rule 404(b), the District Court’s ultimate conclusion was correct because the statements would have been readily admissible under that Rule.
This evidence had the proper purpose of tending to prove Schwartz’s modus oper-andi for his entire scheme: report falsely, then harass those who question the reports. It was highly relevant and it was not unduly prejudicial. Rather, the evidence was very duly prejudicial precisely because it so accurately typified Schwartz’s criminal techniques. Finally, the District Court issued a careful limiting instruction similar to those we have held cure any leftover unfair prejudice. See Gov’t Supp.App. 2432-33; United States v. Givan, 320 F.3d 452, 461 & n. 2 (3d Cir.2003) (holding materially similar limiting instruction sufficient to cure undue prejudice and satisfy Rule 404(b)).
D.
Lastly with respect to case number 05-3767, Schwartz argues that the District Court failed to give “meaningful consideration” to the factors enumerated in 18 U.S.C. § 3553(a) and then reasonably apply those factors in arriving at its ultimate sentence. We review the District Court’s sentence for reasonableness, evaluating both its procedural and substantive underpinnings using a deferential abuse-of-discretion standard. Gall v. United States, *420 - U.S. -, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).
“Meaningful consideration” does not require jot-and-tittle recitation in a written opinion of the sentencing court’s application of each § 3553(a) factor. It suffices that the record as a whole shows that the District Court took the factors into account in fashioning its sentence. United States v. Lessner, 498 F.3d 185, 203 (3d Cir.2007).
The District Court — by conducting a comprehensive sentencing hearing, examining and largely adopting the Presentence Investigation Report (PSR), and issuing a thoughtful written opinion — carefully and methodically considered all the factors set out in § 3553(a) that applied to Schwartz’s crimes before imposing its sentence. For instance, the District Court thoroughly considered the nature and circumstances of Schwartz’s fraud, see, e.g., Defendant Appendix (Deft App.) 229-41; PSR ¶¶ 7-15, 17-61, and Schwartz’s personal history, see, e.g., PSR ¶¶ 96-114; Deft App. 11. It considered general and specific deterrence, the seriousness of Schwartz’s crimes, and the need to protect the public from future such schemes. See, e.g., Deft App. 999-1002, 1023-24. It considered its sentencing options. See, e.g., PSR ¶¶ 121-34. It analyzed relevant provisions of the Sentencing Guidelines and calculated Schwartz’s advisory range. See, e.g., Deft App. 911-57, 958-95 (offense level); 957-58 (criminal history category). It heard argument on potential unwarranted sentencing disparities. See, e.g., Deft App. 1007-08, 1021. And it heard argument on restitution. See, e.g., Deft App. 1012-14. It then reasonably balanced these factors in arriving at its sentence.
Accordingly, we will affirm the judgment of conviction and sentence in case number 05-3767.
IV.
Schwartz argues that the convictions in case number 05-2770 should be vacated because (1) the jury rendered inconsistent verdicts, (2) the Government failed to present sufficient evidence to support conviction on any count, and (3) the Government improperly used immunized testimony obtained at the bail hearing held during case number 05-3767. We disagree and will affirm the judgment of conviction in case number 05-2770.
A.
Schwartz argues that his fraud convictions must be set aside because the jury’s finding that he had the intent to defraud is inconsistent with its finding that he did not intend to cause any loss.[4] Schwartz made this argument in a post-trial motion for judgment of acquittal, and the District Court rejected it. We review the District Court’s judgment de novo, using the same standard the District Court used: we will uphold the verdict unless the jury convicted the defendant on multiple charges, and the guilty verdicts on certain counts are logically inconsistent with the guilty verdicts on others. United States v. Gross, 961 F.2d 1097, 1107 (3d Cir.1992).
Schwartz does not identify any inconsistencies among his various convictions. Instead, he purports to identify an inconsistency between his convictions and the jury’s failure to find a fact that would have *421 increased his sentence. This situation is materially identical to an inconsistency between a guilty verdict and an acquittal, which does not merit setting the guilty verdict aside. Gross, 961 F.2d at 1007.
B.
Schwartz argues that the Government failed to present sufficient evidence that Schwartz (and not someone else) perpetrated the fraudulent transactions at issue and, if he did, that he did so with the intent to defraud. Schwartz made this argument in a post-verdict motion for acquittal, and the District Court rejected it. We will review the District Court’s decision de novo, using the same standard it used. That is, we will sustain the verdict if, viewing the evidence in the light most favorable to the verdict-winner (here, the Government), “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Dent, 149 F.3d 180, 187 (3d Cir.1998) (internal quotation marks omitted).
As to identity, the Government presented multiple witnesses from three separate financial institutions who testified that the accounts into which phony checks were deposited and from which cash was withdrawn immediately thereafter were registered to Schwartz, or Schwartz and his mother jointly. As to intent, the Government presented Schwartz’s prior conviction for a factually similar fraud that put Schwartz on notice that depositing worthless checks into bank accounts and then withdrawing cash from those accounts before the bank has time to detect wrongdoing is unlawful. Taken in the light most favorable to the Government, this evidence allowed a reasonable trier of fact to find Schwartz guilty beyond a reasonable doubt.
C.
Schwartz argues that the Government violated the Fifth Amendment by using his immunized testimony, given during the bail hearing, against him at trial. Schwartz made this argument in his post-verdict motion for judgment of acquittal, and the District Court rejected it. Because Schwartz did not object at trial, this Court reviews the District Court’s ruling for plain error. See United States v. Small, 891 F.2d 53, 55-56 (3d Cir.1989) (holding plain-error review applies to claim of trial error raised first in post-verdict motion); United States v. Chaney, 446 F.2d 571, 576 (3d Cir.1971) (holding plain-error review applies to claim of violation of Fifth Amendment right against self-incrimination).
At the bail hearing in case number OS-3767, Schwartz testified under a grant of immunity that prevented the Government from using that testimony or any fruits of that testimony against Schwartz in a future prosecution. See United States v. Perry, 788 F.2d 100, 115 (3d Cir.1986). Schwartz discussed two bank withdrawals. He testified that, at the time he made one of those withdrawals, he understood that a loan he had been waiting on had been approved and that the lender was in the process of depositing the proceeds (an amount that would cover the withdrawal) directly into his bank account. He also testified that, at the time he made the other withdrawal, he believed that the proceeds from the sale of his mother’s house (again sufficient to cover the withdrawal) were being deposited into his account. He contends that the Government improperly used this information at trial in case number 05-2770 by calling a witness who testified that Schwartz’s mother’s house had indeed been sold.
Even if this was an error, Schwartz has not carried his burden of persuasion in *422 demonstrating how it prejudiced him. See United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (holding that in establishing plain error, unlike harmless error, “[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice”). Though Schwartz states that the Government’s use of his immunized testimony helped indict and convict him, nowhere in his brief does Schwartz explain how it did so.[5]
Accordingly, we will affirm the judgment of conviction in case number 05-2770.
V.
For the above reasons, we will affirm the District Court’s judgments in case number 05-3767 and case number 05-2770.[6]
Nevertheless, any violation was harmless. See Szuchon v. Lehman, 273 F.3d 299, 319 (3d Cir.2001) (holding that harmless-error review applies to claimed violation of Fifth Amendment right against self-incrimination). Schwartz’s bail-hearing testimony tended to exculpate him— not inculpate him — by suggesting that he lacked the intent to defraud at the time he made the withdrawals. And that Schwartz’s mother did indeed sell her home is not relevant to any of the elements of any of the fraud charges on which the grand jury ultimately indicted him.

. Schwartz also argues that the District Court violated his right to self-representation when it excluded him from one sidebar conference. We disagree. Exclusion from one sidebar conference does not automatically constitute a Sixth Amendment violation. See United States v. Mills, 895 F.2d 897, 904-05 (2d Cir.1990). Rather, the exclusion must be viewed "in the context of the trial as a whole.” Id. at 905. So viewed, it did not come close to destroying the jury's perception that Schwartz was handling his own case. Schwartz conducted voir dire, see, e.g., Gov't Supp.App. 27-42, delivered an opening statement, see Gov’t Supp.App. 186-95, conducted direct and redirect testimony of his own witnesses, see, e.g., Gov’t Supp.App. 1827-30, 1838-46, 1858-74, cross-examined the Government's witnesses, see, e.g., Gov't Supp.App. 295-355, 451-501, made objections, see, e.g., Gov't Supp.App. 517, and gave a closing argument, see Gov’t Supp.App. 2346-84. *417 Schwartz's Sixth Amendment right to self-representation was not violated.

. Schwartz also argues that the District Court violated his Confrontation Clause rights by restricting his ability to cross-examine victims about the phone calls. He cites one purported violation: the District Court sustained an objection made when Schwartz asked a victim whether she recalled a particular phone call he placed to her concerning a then-pending state court lawsuit.
If this was a violation, it was harmless. See United States v. Jimenez, 513 F.3d 62, 78 (3d Cir.2008) (holding that harmless-error analysis applies to Confrontation Clause violation). The Supreme Court has held that "the extent of cross examination otherwise permitted” is one factor used to determine whether a Confrontation Clause violation is harmless. Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Here, that extent is staggering. The District Court permitted Schwartz to cross-examine each of his 14 victims over the course of six days of trial. Indeed, the District Court allowed Schwartz to question her about 10 years’ worth of events spanning a broad range of subjects. See Gov't Supp.App. 251-301. This voluminous amount of testimony, coupled with the extensive documentary evidence presented by the Government, confirms that it was not "highly probable” that the District Court's refusal to allow Schwartz to question one particular victim about one particular phone call "contribute[d] to the jury's judgment of conviction.” Jimenez, 513 F.3d at 78 (internal quotation marks omitted).

. Schwartz makes this argument with respect to his conviction for a 2004 fraud, also. However, the District Court reconsidered its ruling admitting that conviction and ultimately held that it must be excluded. There is, then, no need to review the District Court's initial Rule 404(b) ruling with respect to that conviction.

. The trial occurred after the Supreme Court issued Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and before it issued United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and therefore at a time where the proper scope of judicial fact-finding in conjunction with sentencing was not entirely settled. In an abundance of caution, the District Court decided to submit the issue of intended loss to the jury.

. Schwartz also argues that the Government impermissibly presented this information to the grand jury while seeking to obtain an indictment. Because it is not clear when Schwartz first learned about what the Government presented to the grand jury, it is not clear that the plain-error standard — the standard applied to errors of which the defendant gains notice during trial yet to which the defendant fails to object during trial — applies to this part of Schwartz's Fifth Amendment claim. See Fed.R.Crim.P. 6(d) (providing that defendant has no right to be present during grand-jury proceedings).

. We have considered die arguments Schwartz raised in his pro se supplemental brief and find them to be meritless.
Insofar as counsel has been appointed under the Criminal Justice Act and because the Court is of the opinion that there are no issues present in this appeal which warrant the filing of a petition for writ of certiorari, counsel may file a motion to withdraw. See Third Circuit LAR Mise. 109.2(c).