**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

___________

No. 18-3616

___________

STEVEN ALLEN SCHWARTZ,
Appellant

v.

WARDEN FORT DIX FCI

____________________________________

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-15-cv-04601)
District Judge: Honorable Robert B. Kugler

____________________________________

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2020

Before: AMBRO, PORTER and PHIPPS, Circuit Judges

(Opinion filed: January 13, 2021)

___________

OPINION[*]

---

PER CURIAM

Steven Schwartz appeals pro se from the District Court's order denying his petition pursuant to 28 U.S.C. § 2241. For the following reasons, we will affirm.

I.

Between 1997 and 2002, Schwartz operated a Ponzi scheme in which he recruited new investors and used their investments to pay earlier investors and fund his personal expenses. When he could not keep the scheme going with client funds alone, Schwartz turned to check-kiting; he wrote and deposited worthless checks into bank accounts he controlled, and then withdrew cash or incurred credit charges from those accounts before the bank could verify that the money in them did not really exist.

Schwartz was charged with numerous offenses in two separate cases in the United States District Court for the Eastern District of Pennsylvania (E.D. Pa. Crim. Nos. 03-cr-00035 and 04-cr-00231). Among those charges were multiple counts of bank fraud in violation of 18 U.S.C. § 1344.[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In Case No. 03-cr-00035, the Government presented evidence that Schwartz committed two types of bank fraud that violated § 1344. First, he forged the signature of his fiancée on three checks from her closed bank account, deposited those checks (totaling $42,000.00) into accounts under his control, and then withdrew the funds before the banks realized that the funds did not exist. Second, he wrote checks from his own

Section 1344 provides as follows:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice--
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344.

At the time of Schwartz's trials, this Court had interpreted § 1344 as requiring the Government to prove that a defendant charged under Clause (2) also intended to defraud a bank. See Untited States v. Thomas, 315 F.3d 190, 198 (3d Cir 2002). Thus, consistent with this precedent, the District Courts in Schwartz's cases instructed the juries that Schwartz's underfunded check transactions could constitute bank fraud if the Government proved that he attempted to execute a scheme or artifice: (1) to defraud a financial institution, under § 1344(1), or obtained money from a financial institution by

---

accounts with insufficient funds, and then either cashed them or deposited them into other accounts under his control and withdrew the funds totaling ($434,000.00). In Case No. 04-cr-00231, the Government presented evidence that Schwartz: (1) made an online payment of $3,664.15 from his checking account at Citizens Bank to his Providian Bank VISA account even though he knew he did not have sufficient funds to cover the payment, and then used the new credit to incur $2,700.00 in credit charges; and (2) made payments totaling $7,379.59 from his Citizens Bank checking account to various credit cards he held with Capital One Bank, and then incurred additional charges on those credit cards. Based on these allegations, the Government charged Schwartz with a total of eleven counts of bank fraud in violation of § 1344.

means of fraudulent or false pretenses, representations, or promises, under § 1344(2); (2) that he did so knowingly and with intent to defraud a financial institution; and (3) that the financial institutions were federally insured at the time of the offense. The juries returned general guilty verdicts on all of the § 1344 counts (as well as others).[2] This Court affirmed the convictions and sentences. United States v. Schwartz, 315 F. App'x 412 (3d Cir. 2009) (not precedential). The United States Supreme Court later denied Schwartz's petition for a writ of certiorari.

Schwartz pursued motions pursuant to 28 U.S.C. § 2255 in both criminal matters. The District Courts denied § 2255 relief, and this Court denied Schwartz's subsequent applications for certificates of appealability. C.A. No. 12-4188 in E.D. Pa. Crim. No. 04-cr-00231; C.A. No. 13-2131 in E.D Pa. Crim. No. 03-cr-00035. Since then, Schwartz has repeatedly sought to reopen the § 2255 judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and has repeatedly been denied relief.

Schwartz then filed this petition pursuant to 28 U.S.C. § 2241, seeking to qualify for § 2255(e) safety valve relief. Schwartz argued that to the extent that the jury may have found him guilty of these offenses under § 1344(2), he is actually innocent of those convictions in light of the Supreme Court's decision in Loughrin v. United States, 573 U.S. 351 (2014). In Loughrin, the Court clarified the elements of the bank fraud statute,

[2] In Case No. 04-cr-00231, the District Court sentenced Schwartz to eighteen months of imprisonment and five years of supervised release. In Case No. 03-cr-00035, the District Court imposed a consecutive sentence of 225 months, as well as five years of supervised release, and over $1 million in restitution.

establishing that § 1344(1) and (2) are to be read disjunctively such that § 1344(2) does not require proof of specific intent to defraud a financial institution. Id. at 366. This abrogated our holding in Thomas, 315 F.3d at 198, which, as discussed above, required the government to establish a specific intent to defraud a financial institution in order to obtain a conviction under § 1344(2). In addition, Schwartz argued that the Loughrin Court also clarified that an underfunded check cannot constitute a "false representation" under § 1344(2).

The District Court determined that jurisdiction under § 2241 was proper but denied Schwartz's petition on the ground that he had failed to show that it was more likely than not that no reasonable juror would have convicted him of bank fraud under § 1344 based on Loughrin's interpretation of § 1344(2). Schwartz appeals.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[3] We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Ruggiano v. Reish, 307 F.3d 121, 126-27 (3d Cir. 2002).

III.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Okereke v. United States,

[3] A certificate of appealability is not required to appeal from the denial of this § 2241 petition. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

307 F.3d 117, 120 (3d Cir. 2002). A prisoner may proceed under § 2241 when two conditions are satisfied. "First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019) (quoting Bruce, 868 F.3d at 180) (internal quotation marks omitted)). Second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Id. (quotation marks omitted). To invoke the district court's jurisdiction, a prisoner need only demonstrate that the record supports "at least a sufficiently colorable claim" that these conditions are met. In re: Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997). Once the district court determines that it has jurisdiction over a § 2241 petition, the district court provides the petitioner with an opportunity to demonstrate his actual innocence. To do so, the prisoner, relying on an intervening interpretation of substantive criminal law, must show that, "in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him." Cordaro, 933 F.3d at 241.

In this case, the District Court determined that Schwartz had presented a sufficiently colorable claim to assert jurisdiction over his petition. We agree with the District Court for substantially the reasons stated in its opinion.

We also agree with the District Court, however, that Schwartz failed to demonstrate that the Supreme Court's interpretation of the bank fraud statute in Loughrin renders Schwartz's conduct non-criminal such that he is actually innocent of bank fraud.

As we made clear in <u>Cordaro</u>, to make this showing, Schwartz was required to demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him." <u>Cordaro</u>, 933 F.3d at 241; <u>see also</u> <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993) (explaining that an error is harmful if it "had a substantial and injurious effect or influence in determining the jury's verdict"). In other words, given that the District Court erroneously instructed the jury that it had to find that Schwartz intended to defraud a financial institution in order to find him guilty under Clause (2) of § 1344, Schwartz was required to show that the jury would not have otherwise returned a guilty verdict under § 1344. <u>See</u> <u>Hedgpeth v. Pulido</u>, 555 U.S. 57, 59–61 (2008) (per curiam) (citing <u>Pope v. Illinois</u>, 481 U.S. 497 (1987) (applying harmless error to review the misstatement of an element of an offense)).

As set forth above, the juries in Schwartz's cases were instructed that the Government must prove that he executed or attempted to execute a scheme or artifice: (1) to defraud a financial institution or to obtain money from a financial institution by means of fraudulent or false pretenses, representations or promises; (2) that he did so knowingly and with intent to defraud; and (3) that the financial institutions were federally insured at the time of the offense. Without the "obtain money from a financial institution by means of fraudulent or false pretenses, representations or promises" language, the jury instructions match the post-<u>Loughrin</u> elements of a scheme to defraud a financial institution under § 1344(1). As the District Court explained, to the extent that any jurors

found facts to support this language, they necessarily also found facts to support guilty verdicts on all counts under Clause (1). See United States v. Jiminez, 513 F.3d 62, 72 (3d Cir. 2008) (recognizing that check-kiting can be prosecuted under § 1344(1)); see also United States v. Johnson, 462 F.2d 423, 427 (3d Cir. 1972) (finding no prejudice where the instruction placed an additional, but unnecessary, burden of proof upon the government), cert. denied, 410 U.S. 937 (1973). Accordingly, the District Court correctly concluded that the errors in the jury instructions were harmless and properly denied § 2241 relief.

Schwartz argues that the jurors were also erroneously instructed that an underfunded check can constitute a "false representation" under § 1344(2). According to Schwartz, Loughrin held that the Government cannot prosecute check-kiting under Clause (2) for this reason. Contrary to Schwartz's contention, however, Loughrin did not so hold; rather, the Loughrin Court observed, in dicta, that "the Courts of Appeals . . . have unanimously agreed that the Government can prosecute check kiting (i.e., writing checks against an account with insufficient funds in a way designed to keep them from bouncing) only under Clause (1), because such schemes do not involve any false representations." Loughrin, 573, U.S. at 358, n.4. In any event, as discussed above, the jury necessarily found facts that support guilty verdicts on all counts under § 1344(1).[4]

[4] Furthermore, Schwartz's argument in this regard concerns only his convictions for funds drawn from his own accounts, as Counts Eight through Ten in Case No. 03-cr-0035 were based on three forged checks, which are clearly "false representations." See Loughrin, 573 U.S. at 357 (applying § 1344(2) to defendant's scheme to convert altered

IV.

We have considered Schwartz's remaining arguments on appeal and conclude that they are meritless. Accordingly, we will affirm the District Court's judgment.[5]

or forged checks into cash).

[5] Schwartz's motion to enlarge the record to include evidence of a Brady violation and Letter Motion dated August 11, 2020, are denied. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 n.12 (3d Cir. 2013) (noting that this Court will not consider claimed raised for the first time on appeal).