**ELD-020**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2276
_____

IN RE:  STEVEN SCHWARTZ,
                                                           Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-03-cr-00035-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 7, 2022
Before:  GREENAWAY, Jr., PORTER, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: September 9, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Steven Allen Schwartz is a vexatious litigant currently serving a term of

supervised release.  In April 2005, following a trial in the United States District Court for

the Eastern District of Pennsylvania, a jury found Schwartz guilty of sixteen fraud-related

offenses.  The late District Judge Stewart Dalzell sentenced him to an above-Guidelines

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

term of 225 months' imprisonment, five years of supervised release, and over $1 million in restitution. We affirmed, United States v. Schwartz, 315 F. App'x 412 (3d Cir. 2009) (not precedential), and the Supreme Court denied certiorari, Schwartz v. United States, 559 U.S. 1094 (2010). Schwartz has unsuccessfully challenged his convictions in over twenty-five appeals and motions and has made six unsuccessful requests for the presiding judges to recuse themselves from the case. In March 2022, District Judge Wendy Beetlestone notified the parties that she intended to enjoin Schwartz from further groundless and vexatious filings in this case.[1] At a hearing on the proposed restrictions, the Government asked the District Court to expand the scope of the proposed injunction to bar litigation beyond this case.

In July 2022, before the District Court ruled on the Government's request, Schwartz filed in this Court a petition for a writ of mandamus. In the petition, he asks us to order Judge Beetlestone to: (1) allow him to "confront all grounds that Judge Beetlestone is using to impose a filing injunction," Pet. 1, ECF No. 1-3; (2) recuse herself from the case because she repeatedly threatened him with contempt and refused to allow

---

[1] Judge Beetlestone initially imposed a filing injunction in February 2018, but we vacated her order because she had not given Schwartz the requisite notice and opportunity to respond. United States v. Schwartz, C.A. No. 18-1764 (order entered Feb. 5, 2019). We thus remanded the matter, noting that nothing in our opinion prevented the District Court from reimposing the same injunction, provided that Schwartz was given sufficient notice and opportunity to respond.

him to present evidence in opposition to the proposed injunction; and (3) address his request for a hearing, and hold a hearing, to lift a stay order in a Texas state-court case.[2] [3]

We will deny the petition. "Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (internal quotation marks omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Schwartz, who was given the opportunity to "confront the grounds for the injunction" in writing and at a hearing, has not met this burden. Among other things, he has not shown that "no other adequate means exist," id., to challenge Judge Beetlestone's alleged refusal to allow him to fully address the proposed injunction. Judge Beetlestone has now ruled on the matter, and Schwartz may not use mandamus as a substitute for

[2] Schwartz refers to a stay order that Judge Dalzell issued in a now-closed civil matter, United States v. Schwartz, E.D. Pa. No. 03-cv-02094, that the Government initiated against Schwartz pursuant to 18 U.S.C. § 1514, "Civil Action to Restrain Harassment of a Victim or Witness," to stop him from pursuing litigation in Texas against victim/witness Peggy Dorsey.

[3] On August 1, 2022, Judge Beetlestone denied the Government's request to extend the proposed injunction to litigation beyond this case and enjoined Schwartz from any further filings (without leave of court) challenging his convictions in this case.

appeal.  See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).  Moreover, Schwartz has not shown that recusal is warranted because he has not provided facts upon which a person "would conclude that the judge's impartiality might reasonably be questioned."  In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).  Finally, to the extent that Schwartz asks us to direct Judge Beetlestone to address his request to hold a hearing to lift a stay order in a Texas state-court case, his request is moot because she has since addressed it, notifying Schwartz that if he intends to seek relief from the stay, he must file a motion on the docket for the action in which the stay order was entered, United States v. Schwartz, E.D. Pa. No. 03-cv-02094.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot").  And because Schwartz has an alternative means to address the stay—that is, by filing the appropriate motion in the proper docket, we decline to exercise our mandamus authority to order Judge Beetlestone to hold a hearing while presiding over continuing proceedings in his criminal docket.[4]

Accordingly, we will deny the petition.

---

[4] We note that Schwartz's civil action, E.D. Pa. No. 03-cv-02094, was promptly reassigned to Judge Beetlestone after he wrote a letter to the Chief Judge of the United States District Court for the Eastern District of Pennsylvania asking him to assign a new judge to the case because he wanted the stay to be lifted.  However, Schwartz has yet to file a supported motion explaining why the stay should not remain in place.

4