**Sherman J. LATTIMORE, Plaintiff-Appellant,**

v.

**Walter E. CRAVEN, Warden, Folsom State Prison, Defendant-Appellee.**

**No. 25742.**

United States Court of Appeals, Ninth Circuit.

Jan. 10, 1972.

---

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

Robert F. O'Neal (argued), Sacramento, Cal., for plaintiff-appellant.

Mark L. Christiansen, Deputy Atty. Gen. (argued), Thomas C. Lynch, Atty. Gen. of Cal., William E. James, Asst. Atty. Gen., San Diego, Cal., for defendant-appellee.

Before DUNIWAY and ELY, Circuit Judges, and BYRNE,* District Judge.

WILLIAM M. BYRNE, District Judge:

A petition for a writ of habeas corpus was filed in the United States District Court for the Southern District of California by the appellant, who sought relief upon the ground that his state court trial was "fundamentally unfair" because the jury selected to try the case was not comprised of members from a cross section of the immediate community within the jurisdiction of the trial court.

The petition which was filed on November 25, 1969, was denied by the District Court by order dated December 30, 1969. On January 12, 1970, petitioner filed a notice of appeal from the district court order of December 30, 1969, denying his petition. On the same date, he filed in the district court a petition for rehearing which was denied by order dated and filed January 16, 1970. On January 27, 1970, appellant filed a document which he denominated "Amendment to Petition for Rehearing." As noted above, the court had disposed of the petition for rehearing on January 16, 1970.

In his petition for the writ, the appellant alleged that he had been convicted in a jury trial in the state court on two counts of unlawfully selling marihuana. He further alleged that he had made a timely objection to the selection of the jury and that "Petitioner predicates this finding (assertion that the trial was "fundamentally unfair") on the following colloquy found on pages 5, 6 and 7 of the trial court proceedings in case No. CR 8406, before the Honorable Robert W. Conyers, Judge presiding, in the Superior Court of the State of California in and for the County of San Diego, December 7, 1965, where it found that:

'The Court: All right.

Now, did you have another matter for the record before we begin to pick a jury?

Mr. Hammons: Yes, your Honor. When the jury panel was called I went over the list and observed all of the people who answered as being present, and it's my understanding that all persons on the panel were present at the roll call. I noticed a lack of people of the Negro race, and it's our feeling that for a fair trial of this nature it can only be had with Negro people present on the jury. I think the situation today with the civil rights being what they are and the publicity that's been going on as to Negroes, and the racism and the demonstrations, et cetera, that there should be a panel—there should be Negroes included on this panel to fairly try this case.

---

\* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

The Court: My understanding of the law, as it now exists, is that the government in its selection of persons to sit as jurors may not systematically exclude from any jury panel any person because of race, or creed, or color or religion. My knowledge of the selection procedures in this County lead me to believe that there is no sustematic [*sic*] exclusion by any of the rules by which the jury Commissioner selects panels. Secondly, my personal observation, after a year on the criminal bench, is that Negro persons as well as Dutch, and Germans, and French, and Italian and Russian, and Greek and a few other national origins that I perhaps have forgotten, people of all those origins, ethnic origins in fact appear in our panels. This morning, ten minutes before this case was called, I completed instructions in a jury case involving a charge of forgery in which the panel contained—original panel contained, I believe, two persons who appeared to be of Negro origin, one of whom, Mrs. Lucky, is sitting in the jury room deliberating on the case right this minute.

I should say, perhaps, for the benefit of the defendant here that the only way in which we could assure the presence in every panel of persons of any particular ethnic origin would be make inquire [*sic*], I presume through the jury Commissioner, of a person's race, or creed, or color or religion at the outset, and I should think that procedure would be inappropriate in a society where every individual is supposed to be treated the same.

I believe in certain areas of administrative law or civil law, it is in fact made a crime for private employers even to inquire as to the race, or color, or religion [*sic*] affiliation other original [*sic*] of an employee. They're not supposed to ask. They're supposed to take a man on his word which is what I think everybody is entitled to, and I certainly will see that Mr. Lattimore gets a fair trial without respect to whatever his origin may be.

I assume from the content of your motion that he's a Negro. For all I know he's French, or Puerto Rican, or Filipino, or something else; doesn't make any difference to me. We try human beings in this court as to whether they're guilty or innocent of the crime charged, not as to what their mothers and fathers were.

All right, motion denied.' "

It is clear that the appellant's objection in the state court was solely to the fact that there was no black person on the panel from which the jury was to be selected to try his case and that the trial judge denied his motion for the inclusion of Negroes on the jury panel.

■ The absence of persons of a particular race on a jury panel is no indication of discrimination. To challenge a jury panel on the grounds of racial discrimination, there must be a purposeful discrimination proven by systematic exclusion of eligible jurors of the proscribed race or by unequal application of the law to such an extent as to show intentional discrimination. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L. Ed.2d 759 (1965), Akins v. Texas, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692 (1945), Patton v. State of Mississippi, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76 (1947).

■■ In his contention before this court, appellant states in his brief, that in 1968 (three years after appellant's trial and conviction), a San Diego County Superior Court judge held the selection of jurors in the Superior Court of that County was unconstitutional. Obviously this holding has no relation to appellant's trial. Lattimore also asserts, on this appeal, that there was a systematic exclusion of Negroes from his state court jury panel. This question was not raised in the state court, and accordingly we do not consider it here.

Affirmed.