**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ronald Glenn KEISER, Jr.,
Defendant—Appellant.**

No. 07–30327.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 28, 2008.

Filed Sept. 17, 2008.

**458**

Joseph E. Thaggard, Assistant U.S. Attorney, USHE–Office of the U.S. Attorney, Helena, MT, Eric B. Wolff, Esquire, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

William F. Hooks, Esquire, Helena, MT, for Defendant–Appellant.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural posture of this case are familiar to the parties and we do not repeat them here. Ronald Keiser appeals his conviction and the sentence imposed. Keiser argues the district court erred by excluding him from the courtroom during portions of his trial, not allowing him to represent himself, applying sentencing guidelines and a supervised release statute that violated the Ex Post Facto Clause, and imposing a substantively unreasonable sentence. We affirm.

The Confrontation Clause guarantees a defendant's right to be present in the courtroom "at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). However, this right is not absolute and can be forfeited if a defendant behaves in a disorderly or obstructionist manner. *Id.* at 342–43, 90 S.Ct. 1057.

■ Keiser's conduct at his trial as well as in other hearings justifies his removal from the courtroom during his trial. On multiple occasions the court explained to Keiser how he would be required to act in court and repeatedly warned him that failure to act accordingly would result in his removal from the courtroom. The court removed him to a location where he was present by video, and informed him that he could return as soon as he promised to respect courtroom decorum. The district court, therefore, did not err in removing Keiser from the courtroom.

A defendant has a constitutionally protected right to represent himself in a criminal trial if he voluntarily and intelligently elects to do so. *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). As with a defendant's right to be present, however, the right to self-representation does not overcome the court's right to preserve courtroom order. *Unit-*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ed States v. Mack, 362 F.3d 597, 601 (9th Cir.2004); see also Kulas v. Flores, 255 F.3d 780, 786–87 (9th Cir.2001). A judge " 'may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct.' " Mack, 362 F.3d at 602 (quoting Faretta, 422 U.S. at 834 n. 46, 95 S.Ct. 2525).

The district court did not err in terminating Keiser's right to self-representation for the same reasons it did not err in removing him from the courtroom. Keiser's behavior was disruptive and defiant, and demonstrated an unwillingness to follow court rules. Because Keiser's misconduct was serious and the court had appointed standby counsel so Keiser was at all times represented, the district court did not err in terminating Keiser's right to represent himself.

Keiser argues that using 2003 Guidelines rather than the 2002 Guidelines violated the Ex Post Facto Clause because his last offense of conviction occurred in 2002. Keiser makes the same argument about the court's application of the supervised release provision, 18 U.S.C. § 3583(k), which also was enacted in 2003. We review ex post facto challenges to sentencing de novo. United States v. Staten, 466 F.3d 708, 713 (9th Cir.2006). A sentencing court generally applies the version of the Guidelines in effect at the date of the sentencing. United States v. Rising Sun, 522 F.3d 989, 993 n. 1 (9th Cir.2008). However, if doing so would violate the Constitution's Ex Post Facto Clause, the court should use the version in effect at the time the offense of conviction was committed. Id. (citing U.S.S.G. § 1B1.11 (2006)).

Keiser's argument that his only relevant offense of conviction occurred in 2002 rests on an implausible interpretation of the victim's testimony. A fair and reasonable interpretation of the victim's testi-

mony, consistent with the charges on which the jury convicted, is that there was repeated conduct of the same type from April 2002 through May 2004. Thus, applying Guidelines and 18 U.S.C. § 3583(k), both enacted in 2003, did not violate the Ex Post Facto Clause.

Keiser asserts the 360 month sentence is substantively unreasonable because the court should not have considered his provisional diagnosis of pedophilia. However, Keiser has not demonstrated how, in light of the totality of the circumstances, the district court abused its discretion. See United States v. Carty, 520 F.3d 984, 988 (9th Cir.2008) (citing Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). The district court properly calculated the Guidelines range, explicitly considered the factors set forth in 18 U.S.C. § 3553(a), and arrived at a reasonable sentence within the Guidelines range. The court reasoned that Keiser's history of preying on young women justified sentencing him to the statutory maximum. The district court did not err in considering information from a psychological report that offered a provisional diagnosis of pedophilia as one of many factors the court weighed in sentencing Keiser. We "must defer 'to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence.' " United States v. Ruff, 535 F.3d 999, 1003 (9th Cir.2008) (quoting Gall, 128 S.Ct. at 602).

The judgment of the district court is **AFFIRMED.**