**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10139 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00128-LKK-1 |
| v. | |
| JAMES KALFSBEEK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10189 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00128-LKK-8 |
| v. | |
| DONNA ROWE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 14, 2012
San Francisco, California

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

James Kalfsbeek appeals his conviction, after a jury trial, of four counts of money laundering; Donna Rowe appeals her conviction, after a jury trial, of three counts of money laundering and one count of conspiracy. Kalfsbeek and Rowe bring several challenges to the sufficiency of the evidence to support the jury's verdicts; Kalfsbeek argues that the district court erred under Federal Rule of Criminal Procedure 32 during the sentencing hearing; and Kalfsbeek and Rowe appeal the district court's denial of their Federal Rules of Criminal Procedure 29 and 33 motions based on the sufficiency of evidence.

We review de novo the sufficiency of evidence, first viewing the evidence in the light most favorable to the prosecution and resolving any competing inferences accordingly. We then determine whether the evidence, so viewed, is sufficient to allow "*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (internal citation omitted).

Kalfsbeek argues that the evidence is insufficient to prove that the relevant funds were derived from criminal activity. The government presented evidence

that Puget's Sound Agricultural Society, Ltd. ("PSASL") existed only to conduct an illegal insurance scheme; it argued at trial that any mentions within PSASL materials of other services and products were prospective and speculative only. Defendants did not present evidence. Under *Nevils*, we resolve conflicting inferences in favor of the prosecution. We hold that the evidence was therefore sufficient to allow a jury to conclude beyond a reasonable doubt that the relevant proceeds derived from criminal activity.

Kalfsbeek and Rowe argue that the evidence is insufficient to prove that the funds at issue were "profits" of the illicit scheme. But the government is under no obligation to prove that the funds at issue were "profits"; it need only provide evidence sufficient to support the jury's finding that the funds were "receipts" of the scheme, and it did so. *See United States v. Wilkes*, 662 F.3d 524, 549 (9th Cir. 2011) (holding that under *United States v. Santos*, "proceeds" means "gross receipts" "except where the money transfers are 'inherent in the scheme'"); *see also United States v. Santos*, 553 U.S. 507, 515 (2008) (discussing the "merger problem" that would result if "proceeds" were deemed to be all "receipts").

The money transfers were "receipts" of the scheme, and were not inherent to it. One of Kalfsbeek's money laundering counts is based on PSASL's transfer of $150,000 to a Canadian bank account after the Michigan default judgment against

3

PSASL was filed in the Northern District of California. The three remaining money laundering counts, which are the same for both defendants, are based on three checks written to co-conspirators after PSASL declared that it was shutting down. We hold that these money transfers were therefore not inherent to the scheme and, under *Wilkes*, the government is not required to show that the funds were "profits" of the scheme.

Rowe argues that the evidence is insufficient to prove that she engaged in conduct that was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity. The government presented evidence that Rowe knew about the default judgment before she wrote the checks that form the factual basis for the money-laundering counts; she cooperated with others to set in motion a plan to transfer the funds from the Canadian account, though PSASL was under a court order to convey the funds to law enforcement authorities; she knew that the funds were passed through two trusts unrelated to PSASL; and she caused three checks to be written that drew on the account containing the illicit funds. Under *Nevils*, we conclude that the evidence is sufficient to support the jury's finding that Rowe engaged in conduct designed to conceal or disguise key attributes of the receipts of the scheme.

4

For the same reasons, we conclude that the government presented evidence sufficient to support the jury's verdict that Rowe joined a scheme to defraud and is therefore guilty of conspiracy.

Kalfsbeek argues that the district court committed procedural error under Federal Rule of Criminal Procedure 32 by failing to determine whether Kalfsbeek had reviewed the presentence report and discussed it with counsel. We need not decide the issue, because any such error was harmless. *See United States v. Soltero*, 510 F.3d 858, 863-864 (9th Cir. 2007). Kalfsbeek submitted objections to the presentence report, indicating that he had reviewed it, and in his briefing he does not allege that any harm ensued from the error. We hold, under *Soltero*, that any Rule 32 error was harmless and does not warrant resentencing.

Kalfsbeek argues that the district court committed procedural error by failing to resolve factual disputes at the sentencing hearing. On appeal, he points to his first and fifth objections. The district court found that Kalfsbeek was not motivated by greed, a finding directly relevant to Kalfsbeek's first objection. With regard to Kalfsbeek's fifth objection relating to the enhancement for sophisticated means, the district court stated that it did not agree that the means were not sophisticated; it then specifically adopted the presentence report's relevant findings. Moreover, the court found that ruling on the objections was unnecessary

5

because it had already decided to make a substantial downward departure. We therefore hold that the district court did not violate Rule 32 and we affirm Kalfsbeek's sentence.

Kalfsbeek and Rowe both made Federal Rule of Criminal Procedure 29 motions, which were denied, and they joined in a Federal Rule of Criminal Procedure 33 motion for a new trial, which was also denied. We affirm the district court's denial of the Rule 29 motions, which we review on the same standard as the sufficiency of evidence, *supra*. *See United States v. Gonzalez-Diaz*, 630 F.3d 1239, 1242 (9th Cir. 2011).

We review a district court's denial of a motion for a new trial for abuse of discretion, so long as the alleged error is not a *Brady* violation. *See United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009); *United States v. Mack*, 362 F.3d 597, 600 (9th Cir. 2004).

Kalfsbeek and Rowe moved for a new trial based on the government's alleged failure to show that the funds at issue were "profits" of illicit activity, as they argued was required by *Santos*, 553 U.S. at 514. Because we hold that the evidence was sufficient to support the convictions, we likewise hold that the district court did not abuse its discretion in denying the defendants' joint motion for a new trial.

**AFFIRMED.**