DIAZ, Circuit Judge,
concurring:
The court correctly grants Ductan a new trial based on his first claim of error. I write separately to explain why, in my view, what occurred during jury selection provides an independent ground for that relief. Ductan asserts that the district court erred by removing him from the courtroom for his disruptive behavior while he was proceeding pro se and selecting a jury in his absence. He argues that by not appointing counsel in his absence, the court left him unrepresented during a critical stage of his trial. I believe he is correct.
I.
Because Ductan failed to make a specific objection to the district court’s action, I review his claim for plain error.[1] See United States v. Ramirez-Castillo, 748 F.3d 205, 215 n. 7 (4th Cir.2014) (holding that forfeited errors are subject to plain error review in this circuit, even when those errors are structural). Thus, to warrant relief, Ductan must demonstrate that there was error, the error was plain, and it affected his substantial rights. United States v. Slade, 631 F.3d 185, 190 (4th Cir.2011). An error is plain when it is “clear or obvious,” meaning that “the settled law of the Supreme Court or this [Court] establishes that an error has occurred,” or in rare cases, when authority from other circuits is unanimous. United States v. Carthorne, 726 F.3d 503, 516 & n. 14 (4th Cir.2013). Even then, we will only notice the error if it affects the “fairness, integrity, or public reputation of judicial proceedings.” Slade, 631 F.3d at 192 (quoting United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). I conclude that Ductan has met his burden.
II.
I begin by emphasizing that the district court acted appropriately by removing Ductan from the courtroom. Although the Supreme Court has held that removal of a defendant from his own trial is “not pleasant” and even “[d]eplorable,” Illinois v. Allen, 397 U.S. 337, 346-47, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), Ductan was disruptive, refused to obey the court’s instruc *654 tions, and repeatedly interrupted the court as it attempted to begin jury selection. Under those circumstances, the court had discretion to address Ductan’s “disruptive, contumacious, [and] stubbornly defiant” conduct by removing him from the courtroom. Id. at 343, 90 S.Ct. 1057. Ductan does not contend otherwise, but he does say that the district court’s failure to appoint counsel in his absence constitutes plain error. I agree.
It is well established that jury selection is a “critical stage” of a criminal trial to which the right to counsel attaches. Gomez v. United States, 490 U.S. 858, 873, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). Thus, the absence of counsel during jury selection constitutes a “breakdown in the adversarial process,” James v. Harrison, 389 F.3d 450, 456 (4th Cir.2004), and we have made clear that “[t]he presumption that counsel’s presence is essential requires us to conclude that a trial is unfair if the accused is denied counsel” at jury selection, United States v. Hanno, 21 F.3d 42, 47 (4th Cir.1994) (quoting United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). This fundamental principle applies with equal force when a defendant represents himself. Cf. Mayberry v. Pennsylvania, 400 U.S. 455, 468, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971) (Burger, C.J., concurring) (explaining that “the presence and participation of counsel, even when opposed by the accused,” protects a defendant’s Sixth Amendment rights “when the accused has refused legal assistance and then [brings] about his own removal from the proceedings”).
Of course, the right to self-representation is “not absolute.” Fields, 49 F.3d at 1035. Thus, a pro se defendant who is disruptive in the courtroom may forfeit his right to self-representation. Faretta, 422 U.S. at 834 n. 46, 95 S.Ct. 2525 (“[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct.”). In these cases, the proper course of action is to revoke the defendant’s right to self-representation and appoint counsel. See, e.g., United States v. Mack, 362 F.3d 597, 601 (9th Cir.2004) (“A defendant does not forfeit his right to representation at trial when he acts out. He merely forfeits his right to represent himself in the proceeding.”); United States v. Pina, 844 F.2d 1, 15 (1st Cir.1988) (suggesting that a trial judge “employ his or her wisdom to appoint standby counsel” to represent a defendant who is removed or discharges counsel); see also United States v. West, 877 F.2d 281, 287 (4th Cir.1989) (affirming the defendant’s conviction where the district court found him incompetent to represent himself and immediately appointed his standby counsel to replace him).[2]
*655 When the district court held Ductan in-contempt and removed him from the courtroom, Ductan was representing himself. He was placed in a holding cell from which he could see and hear the proceedings, but could not participate in any way. Moreover, nothing in the record supports the government’s assertion that standby counsel Lee was thereafter “representing [Ductan].” Appellee’s Br. at 43. Although Lee was in the courtroom and present for a brief bench conference, he did not move to strike any jurors, object to any of the government’s strikes, or otherwise participate -in jury selection. Nor did the district court appoint Lee as counsel, or otherwise indicate that Lee was in any way authorized to act on Ductan’s behalf. See United States v. Taylor, 933 F.2d 307, 312 (5th Cir. 1991) (explaining the “limited role” of standby counsel and clarifying that “standby counsel is not counsel at all, at least not as that term is used in the Sixth Amendment”).
Because Ductan was entirely unrepresented during jury selection, conducting this critical stage of his trial in his absence and without appointed counsel was plain error. The principle enunciated by the Supreme Court in Gomez and followed by this court in Hanno and James makes it “clear” and “obvious” that complete denial of counsel during jury selection is a constitutional violation, and no Supreme Court or Fourth Circuit case suggests that this general rule does not. apply to defendants proceeding pro se. To the contrary, the weight of the cases makes it. plain that when a pro se defendant is involuntarily removed from the courtroom, no “critical stage” of the trial may be conducted in his absence without the appointment of counsel.
I also conclude that the other prongs of the Olano test are satisfied. The absence of counsel during jury selection constitutes a “breakdown in the adversarial process” that necessarily affects a defendant’s substantial rights. James, 389 F.3d at 456. Moreover, because errors that result in a “breakdown of the adversarial process” are precisely the types of deprivations that affect the fairness and integrity of judicial proceedings, the error provides an independent ground for vacating Ductan’s conviction and remanding for a new trial.
III.
I do not take lightly the predicament that district courts face when confronted by a contumacious criminal defendant. But in these admittedly challenging situations, a court may not, as the first choice, find forfeiture or waiver of the right to counsel on the basis of a defendant’s dilatory conduct or otherwise by implication or process of elimination. Instead, as the court reasserts today, “[i]n ambiguous situations created by a defendant’s vacillation or manipulation, we must ascribe a constitutional primacy to the right to counsel because this right serves both the individual and the collective good, as opposed to only the individual interests served by protecting the right of self-representation.” Frazier-El, 204 F.3d at 559 (internal quotation mark omitted).
Of course, when a defendant does assert his right to self-representation, that right “is not a license to abuse the dignity of the courtroom.” Faretta, 422 U.S. at 834 n. 46, 95 S.Ct. 2525. When a pro se defendant acts out or engages in serious misconduct such that his choice to represent himself cannot be reconciled with the need to maintain the efficiency and order of the proceedings, the district court enjoys ample discretion to terminate that self-representation and appoint counsel. But in no *656 case may a critical stage of a defendant’s trial take place after he is removed, in the absence of any representation.
I therefore join the court’s decision to vacate Ductan’s conviction and remand for a new trial.

. Ductan says that he lodged a proper objection when, while being removed from the courtroom, he shouted, "Does anybody have any claims against me? I object to this whole proceeding.” J.A. 67. We, however, have consistently held that general objections are insufficient to preserve claims for appeal. See, e.g., United States v. Benton, 523 F.3d 424, 428 (4th Cir.2008). Because Ductan’s statement that he "objected] to this whole proceeding” was typical of his consistent viewpoint that the court had no jurisdiction over him, it did not "reasonably ... alert the district court of the true ground for the objection,” id., and thus was not sufficiently specific to preserve his claim.

. The parties cite to two post-conviction cases that affirmed convictions after a pro se defendant was removed from the courtroom and not replaced by appointed counsel, but both explicitly did so because of the highly deferential standard of review in 28 U.S.C. § 2254 habeas cases. See Thomas v. Carroll, 581 F.3d 118, 127 (3d Cir.2009) ("If this appeal had come before us on a direct appeal from a federal court presented with a defendant who waived his right to counsel and then absented himself from the courtroom, we might hold differently.”); Davis v. Grant, 532 F.3d 132, 144 (2d Cir.2008) ("[I]f we were reviewing the issue on a blank slate, we might be inclined. to conclude that ... the Sixth Amendment requires that a defendant who is involuntarily removed from the courtroom must be provided with replacement counsel during his absence.”).
The government argues that our decision in James v. Harrison, 389 F.3d 450 (4th Cir. 2004) reaches a similar conclusion, but I find the deprivation in James — in which the defendant was'represented by co-defendant’s counsel instead of his own during voir dire and jury selection — significantly less severe and *655 thus distinguishable from what happened here.