NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS EUGENE GRAY, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KEN CLARK, Warden, Warden; N. SIELKEN, Correctional Officer; L. HURTADO, Correctional Officer; L. JENNINGS, Correctional Officer; SPECIAL APPEARANCE; SPECIAL APPEARANCE; SPECIAL APPEARANCE, <br><br> Defendants-Appellees. | No. 23-15331 <br><br> D.C. No. 1:20-cv-00196-JLT-SAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted November 14, 2024[**]

Before: WALLACE, O'SCANNLAIN, SILVERMAN, Circuit Judges.

California state prisoner Thomas Gray appeals pro se from the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment following a jury trial in his 42 U.S.C. § 1983 action alleging that Defendants-Appellees used excessive force and failed to protect him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

As the parties are familiar with the factual and procedural history of this case, we need not recount it here.

1.     As a preliminary matter, Defendants-Appellees contend that Gray's appeal should be dismissed because his "cursory appellate briefing" fails to sufficiently develop his arguments. "Issues raised in a brief which are not supported by argument are deemed abandoned . . . . We will only review an issue not properly presented if our failure to do so would result in manifest injustice." *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992), quoting *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Gray argues that he was "deprived of [his] right to have a fair trial" based on a one-page list of "collective facts" related to the district court's trial management, courtroom security decisions, and evidentiary rulings. Although Gray's opening pro se brief does not comply with the formal requirements for appellate briefs under Fed. R. App. 28, he clearly identifies the issues at trial on which he bases his appeal. This court gives "wide latitude" to "pro se litigants in appellate briefing," *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008), so they "get[]

2

a fair shake on appeal." *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1068 n.1 (9th Cir. 2006) (Pregerson, J., dissenting).

Accordingly, we hold that Gray has not abandoned his challenge to the district court's judgment. We turn to the merits.

2. *Jury composition.* Gray challenges that there were no black people in the "jury pool." Assuming that was the case, however, "the absence of persons of a particular race on a jury panel is no indication of discrimination." *Lattimore v. Craven*, 453 F.2d 1249, 1251 (9th Cir. 1972); *see also Gordon v. Duran*, 895 F.2d 610, 615 (9th Cir. 1990) (holding that a party "may not . . . challenge the makeup of a jury merely because no members of his race are on the jury," quoting *Apodaca v. Oregon*, 406 U.S. 404, 413 (1972), *abrogated on other grounds by Ramos v. Louisiana*, 590 U.S. 83, 83 (2020)). Gray does not make any showing that black people were systematically excluded from the trial jury. Accordingly, his challenge regarding jury composition fails.

3. *Courtroom security.* Gray claims that he was prejudiced by courtroom security decisions in two ways. First, Gray contends he was prejudiced by the California Department of Corrections and Rehabilitation (CDCR) officers standing directly behind him during trial. Even if the CDCR officers stood directly behind Gray at some point during trial, without more, this positioning is not "inherently prejudicial" and Gray "fails to show actual prejudice." *Holbrook v.*

*Flynn*, 475 U.S. 560, 569 (1986) (requiring a case-by-case approach to determine whether there is a constitutional violation when security guards are present at trial); *see also Ainsworth v. Calderon*, 138 F.3d 787, 797 (9th Cir. 1998), *opinion amended on denial of reh'g,* 152 F.3d 1223 (9th Cir. 1998) (the presence of up to six deputies in a courtroom, two of whom were positioned behind one defendant, was not inherently prejudicial).

Second, Gray contends he was prejudiced by the jury briefly seeing him through the "side door" being placed in handcuffs as he left the witness stand. Gray has not pointed to anything in the record to support his contention. Assuming this occurred, "a jury's 'brief or inadvertent glimpse' of [Gray in physical restraints] is not inherently or presumptively prejudicial," *Ghent v. Woodford*, 279 F.3d 1121, 1133 (9th Cir. 2002), *as amended* (Mar. 11, 2002), and Gray must otherwise demonstrate actual prejudice to establish a constitutional violation, *Holbrook*, 475 U.S. at 572. Gray has not raised any facts to show actual prejudice and thus does not show a violation of his rights.

4.  *Evidentiary Ruling.* Gray challenges the district court's ruling precluding him from introducing a medical form documenting another inmate's injuries when he questioned Officer Hurtado. At trial, the court explained to Gray that Officer Hurtado was not permitted to "talk about" the medical form. Gray has not provided any argument that the court committed plain error in excluding the

4

evidence.

5.    *Trial management.*  Gray raises several issues with the district court's management of the trial proceedings.  To list a few, Gray argues that the judge broke Gray's "chain of thought" when reprimanding individuals in the public gallery for shaking their heads, provided "legal advice" to defense counsel on Ninth Circuit case law, and "reprimanded" Gray in front of the jury during closing arguments for referring to things not in evidence.  Trial judges have the "right to maintain order in the courtroom and conduct proceedings in a manner consonant with our trial traditions."  *United States v. Mack,* 362 F.3d 597, 601 (9th Cir. 2004).  "A trial judge's comments geared toward facilitating an orderly trial are not, in and of themselves, prejudicial."  *Hansen v. Comm'r*, 820 F.2d 1464, 1467 (9th Cir. 1987).  Thus, to the extent that Gray takes issue with how the judge conducted the trial, Gray has failed to make "a clear and precise showing of prejudice" that "must be made to demonstrate judicial misconduct, particularly in noncriminal trials."  *Id.*, citing *Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1289 (9th Cir. 1984).

**AFFIRMED.**