NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM ALVEAR,

Defendant - Appellant.

No. 24-6242

D.C. No.
2:20-cr-00229-CDS-MDC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted August 12, 2025
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Appellant-Defendant William Alvear ("Alvear") was caught on film during

three separate controlled buys staged by the Federal Bureau of Investigations

("FBI") distributing and prescribing controlled substances to two confidential

human sources. A jury convicted him for three counts of distribution of a

controlled substance (Schedule II) in violation of 21 U.S.C. §§ 841(a)(1) &

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(b)(1)(C) and five counts of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (Schedule IV). Alvear moved for acquittal and a new trial on the grounds of insufficient evidence and entrapment, which the district court denied. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "We review the district court's denial of a motion for acquittal in the same manner as a challenge to the sufficiency of the evidence." *United States v. Ladum*, 141 F.3d 1328, 1337 (9th Cir. 1998). Sufficiency of the evidence is a "two-step inquiry" asking "whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Under 21 U.S.C. § 841(a)(1), it is a federal crime "[e]xcept as authorized . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense" a controlled substance. A violation under § 841(a)(1) requires the government to prove that that the doctor *knew* or *intended* that the prescription was unauthorized. *Ruan v. United States*, 597 U.S. 450, 468 (2022). The evidence presented to the jury is sufficient to establish both that the prescriptions were unauthorized and that Alvear knew. Dr. Timonthy Munzing, testifying as an expert on lawful medical and prescription practices, opined that

Alvear's meeting with the confidential sources fell "far below the floor" of the standard of care doctors should provide their patients if they are seeking to prescribe medication for legitimate purposes. He pointed out that Alvear failed to conduct medical examinations or review the patient histories of either source, that the reasons the sources provided for needing prescriptions were unreliable and did not warrant pain medication, and that Alvear accepted "tips" and appeared to negotiate for money in exchange for prescriptions. Leo Basch, a pharmacist and expert in the distributing and dispensing of controlled substances, told the jury that Alvear failed to perform the mandatory database check to ensure the sources were not being overprescribed narcotics. Basch also pointed out that when Alvear handed the sources alprazolam, otherwise known as Xanax, during his meetings with them, the drugs were not formally dispensed and often the sources provided no medical reason for wanting the drug. This is sufficient evidence for a jury to conclude the medication distributions were unauthorized. *See Ruan*, 597 U.S. at 467.

Because Alvear failed to perform basic reviews of the sources' medical history or give them formal examinations, a jury could easily conclude that he was aware there was no medical basis for providing the drugs. *See United States v. Beecroft*, 608 F.2d 753, 757 (9th Cir. 1979) ("Intent need not be established by direct evidence, but may be inferred from the defendant's statements and

24-6242

conduct."). The footage from the sting operation also showed Alvear repeatedly telling the sources that they did not need medication, yet he still provided prescriptions and loose pills. Alvear additionally acted to conceal his conduct—indicating that he knew it was criminal—by instructing the sources to go to certain pharmacies that were unlikely to raise a warning about the prescription. There is more than sufficient evidence to support the guilty verdict.

2.     The same standard for evaluating the sufficiency of the evidence supports a jury's conclusion that a defendant was not entrapped. *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000). "To raise entrapment, [a] defendant need only point to evidence from which a rational jury could find that he was induced to commit the crime but was not otherwise predisposed to do so." *Id.* Sufficient evidence supports the jury's rejection of Alvear's defense on either lack of inducement or predisposition. *See United States v. McClelland*, 72 F.3d 717, 722 (9th Cir. 1995).

"An inducement consists of an opportunity *plus* something else—typically, excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive." *Poehlman*, 217 F.3d at 701 (citation omitted). Alvear identifies no evidence that distinguishes the FBI's operation from a normal sting operation. *Sorrells v. United States*, 287 U.S. 435, 441 (1932).

More importantly, the jury was presented with significant evidence of his predisposition, which "is the defendant's willingness to commit the offense *prior* to being contacted by government agents, coupled with the wherewithal to do so." *Poehlman*, 217 F.3d at 698; *see also McClelland*, 72 F.3d at 722. One of the confidential sources had been receiving unauthorized narcotics from Alvear since 2016, and the FBI began its operation only after it had learned that Alvear was illegally distributing controlled substances. Alvear also provided the drugs to the sources for money, and text messages shown to the jury revealed that other individuals had paid him for unauthorized medications, too. The video footage showed Alvear presented minimal to no reluctance when the sources requested medications. Alvear also instructed the sources and the other customers which pharmacies to use to avoid detection, demonstrating his experience and willingness to help them fill their illicit prescriptions.

3. This court "review[s] a district court's denial of a motion for a new trial for abuse of discretion." *United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011) (citing *United States v. Mack*, 362 F.3d 597, 600 (9th Cir. 2004), and *United States v. Allen*, 341 F.3d 870, 891 (9th Cir. 2003)). A motion for a new trial is to be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimental*, 654 F.2d 538, 545 (9th Cir. 1981) (citation omitted); *see also* Fed. R. Crim. P. 33(a). Alvear brings the same

arguments he makes against the sufficiency of the evidence in support of his request for a new trial, and they fail for the same reasons.

**AFFIRMED.**