Argued and submitted October 4, 2019, affirmed March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL LAURENCE MORGAN,
*Defendant-Appellant.*

Marion County Circuit Court
17CR14962; A167250

483 P3d 25

A jury found defendant guilty of two counts of first-degree sexual abuse. He contends on appeal that the trial court erred in three respects: (1) by concluding that the state's failure to introduce in-court identification evidence that defendant was, in fact, the person alleged to have committed the abuse in the indictment did not warrant a judgment of acquittal; (2) by sustaining the state's hearsay objection to testimony from a Department of Human Services investigator that defendant had denied the abuse; and (3) by instructing the jury that it could convict defendant with a nonunanimous verdict. *Held*: The trial court did not err in denying defendant's motion for judgment of acquittal. The state proved at trial that the person named in the indictment committed the offenses, and there is no requirement that the state prove that the person sitting at counsel table committed the charged offenses. As for defendant's other two assignments of error, any errors were not reversible. On this record, the exclusion of evidence that defendant denied abusing S had little likelihood of affecting the verdict, and there was no jury poll to inform whether the nonunanimous verdict instruction may have affected the jury's verdict.

Affirmed.

David E. Leith, Judge.

Zachary Lovett Mazer, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.*

_____
* Egan, C.J., *vice* Schuman, S.J.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

A jury found defendant guilty of two counts of first-degree sexual abuse. He contends on appeal that the trial court erred in three respects: (1) by concluding that the state's failure to introduce in-court identification evidence that defendant was, in fact, the person alleged to have committed the abuse in the indictment did not warrant a judgment of acquittal; (2) by sustaining the state's hearsay objection to testimony from a Department of Human Services (DHS) investigator that defendant had denied the abuse; and (3) by instructing the jury that it could convict defendant with a nonunanimous verdict. We affirm.

Defendant's convictions were based on evidence that he twice touched the vagina of his then-seven-year-old niece, S. S disclosed to a teacher that her Uncle Daniel had touched her in that way, and that led to the state charging defendant, identified by the name Daniel Lawrence Morgan,[1] along with a date of birth, with two counts of first-degree sexual abuse. At trial, S testified that her Uncle Daniel twice had touched her vagina during a period of time in which she and her brother were staying at their grandparents' house. At no point, however, did the state ask S or any other witness to identify defendant in the courtroom.

Based on that omission, defendant, through counsel, moved for a judgment of acquittal. His theory was that acquittal was required because no witness identified defendant, who was present in court, as the person about whom they were testifying when they referred to "Daniel" or "Uncle Daniel" on the stand. Defendant argued that this meant that the state had not adequately established his identity as the perpetrator.

The trial court denied the motion. Although it noted that there was "no direct identification of the Defendant by any witness in the state's case," nonverbal evidence, in the form of demeanor evidence and gestures, were sufficient to allow the inference that defendant was the person who the

---

[1] Defendant's middle name, Laurence, is spelled with a "w" in his indictment but is otherwise spelled with a "u" throughout case documents. Defendant does not suggest that that spelling variation affects the analysis in this case.

state had charged. The court framed the issue as whether there was sufficient evidence to infer that defendant, who had been introduced to the jury at the start of the case, was the person who the witnesses were describing when they talked about Uncle Daniel or Daniel.

After the defense put on its case, the trial court instructed the jury that, among other things, it could convict defendant by a nonunanimous verdict. The jury returned guilty verdicts on both counts. It was not polled.

Defendant appealed. As noted, he raises three issues. We address them in turn.

*Motion for judgment of acquittal.* Defendant first assigns error to the trial court's denial of his motion for judgment of acquittal. Reiterating his argument below, he contends that there is insufficient evidence to support his conviction because no witness explicitly identified him in court as the perpetrator of the alleged sex abuse. As we understand his argument, he does not contend that there is insufficient evidence to permit a finding that the Daniel Morgan named in the indictment committed the charged offenses or insufficient evidence to support a finding that S's Uncle Daniel abused her in the manner charged. Instead, his argument boils down to the contention that the state was required to introduce in-court identification evidence showing that defendant, the person sitting at counsel table, was the "Uncle Daniel" to whom the victim was referring, and the "Daniel" or "Daniel Morgan" to whom the other witnesses referred. The state responds that there is no requirement that it prove that the person sitting at counsel table is the person who committed the charged offenses in order to prove that the person named in the indictment committed the charged offenses. The state contends, in the alternative, that the trial court properly found, based on witness demeanor and gestures, that defendant is the person about whom the witnesses were speaking.

We agree with the state on its first point, and do not address its second. Although the state necessarily must prove that the person charged with committing a crime is, in fact, the person who committed the crime, that does not mean that the state is required to prove that a particular

person sitting at counsel table with defense counsel is the person who is charged with a crime, at least where, as here, the indictment charges that an identified person committed the charged offense, and does not charge an unidentified defendant under a fictitious name, as allowed under ORS 132.540. As the state points out, that necessarily follows from the fact that criminal defendants are entitled to waive their constitutional right to be present at trial. *See State v. Lacey*, 364 Or 171, 185, 431 P3d 400 (2018), *cert den*, ___ US ___, 139 S Ct 1590 (2019) (explaining that a criminal defendant can waive the constitutional right to be present for trial); *Illinois v. Allen*, 397 US 337, 342-43, 90 S Ct 1057, 25 L Ed 2d 353 (1970). Rather, what the state must prove is that the person charged with a crime committed the crime. The state did that here, through evidence that S's uncle, Daniel Morgan, touched her twice on the vagina. Although in-court identification evidence may often play a role in such proof—particularly in cases in which the victim and the defendant are strangers—nothing in the law requires that the state introduce in-court identification evidence in order to prove that the person named in the indictment committed the charged offense or offenses. To the extent defendant's arguments may suggest that he is not the person charged with the crimes alleged in the indictment, we believe that he waived any such contention by appearing at trial and defending against the charges without once suggesting that he was not the person charged. On the contrary, defendant's opening statement acknowledged who he was and his relationship to the victim.

*Exclusion of hearsay.* In his second assignment of error, defendant contends that the trial court erred when it excluded testimony from a DHS caseworker that defendant denied abusing S when she interviewed him. Defendant does not dispute that the evidence at issue is hearsay and ordinarily would be subject to exclusion for that reason. Instead, he contends that he was entitled to introduce the testimony because the state "opened the door" to its introduction when it elicited testimony from the caseworker that defendant "seemed very frustrated that he had to meet with us and that we had to walk through the home." In defendant's view, that testimony suggested to the jury that defendant

"had something to hide," opening the door to evidence of his denial to rebut the inference that he had something to hide.

We disagree and see no error by the trial court, at least not a reversible one. As we have explained, the so-called "curative admissibility doctrine" allows for the admission of otherwise inadmissible evidence when "'truly necessary to prevent unfairness or misleading of the jury on a significant issue.'" *State v. Craine*, 271 Or App 101, 111, 349 P3d 628 (2015) (quoting Laird C. Kirkpatrick, *Oregon Evidence* § 402.04, 172 (5th ed 2007)). That is just not the case here. Contrary to defendant's argument, the statement regarding defendant's frustration does not communicate in any clear way that defendant was acting like he had something to hide. Beyond that, evidence that defendant denied abusing S was as likely to reinforce any inference that he had something to hide as it was to rebut it. For those reasons, the court did not err in excluding the evidence and, even if it did, the error had little likelihood of affecting the jury's verdict. Defendant's contentions do not provide grounds for reversal. *See State v. Davis*, 336 Or 19, 28, 32, 77 P3d 1111 (2003) (trial court error is not grounds for reversal if there is "little likelihood that the * * * error affected the verdict").

*Nonunanimous jury instruction.* In his final assignment of error, defendant contends that the trial court plainly erred when it instructed the jury that it could return nonunanimous verdicts. As noted, the jury was not polled. Although the court erred in delivering the instruction, for the reasons stated in *State v. Dilallo*, 367 Or 340, 478 P3d 509 (2020), it would not be appropriate for us to exercise our discretion to correct that error absent a jury poll demonstrating that the error affected the jury's verdict.

Affirmed.